UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JASON WOLFKILL, | ) | CASE NO. 1:10 CV 2835 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BOB REID, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Jason Wolfkill filed this action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Bob Reid and Lorain Correctional Institution Records Supervisor Debra S. Miller. In the Complaint, Plaintiff alleges he was improperly made to serve his state sentence before serving his federal sentence. He seeks monetary damages.

**Background**

Mr. Wolfkill was indicted on state and federal charges in December 2007. *See United States v. Wolfkill*, No. 1:07 cr 614-SL-4 (N.D. Ohio filed Dec. 5, 2007); *State of Ohio v. Wolfkill*, No. CR-07-502811-G (Cuyahoga Cty Ct. Comm. Pl. indictment filed Nov. 30, 2007). He was held in the Cuyahoga County jail on the state charges pending trial. A writ of habeas corpus ad prosequendum was issued to secure his presence at trial on the federal charges. Mr. Wolfkill entered into an agreement with the federal government under which he pled guilty to making, uttering and

possessing counterfeit securities. He was sentenced on April 8, 2008 to fourteen months incarceration followed by three years of supervised released. His state prosecution also proceeded during this time period. He entered into an agreement with the state under which he pled guilty to forgery, forging identification cards, and passing bad checks. He was sentenced on April 10, 2008 to ten months incarceration, with credit for time served in jail awaiting trial, and three years post release control. He was then delivered to the Lorain Correctional Institution to begin serving his state sentence. The federal government issued a detainer against Mr. Wolfkill. He was released from federal custody in June 2009.

Mr. Wolfkill claims he should have served the federal sentence before the state sentence. He contends that the Judge did not order his remand to the custody of the United States Marshal after his sentencing and therefore he was considered to be already in federal custody. He states the Cuyahoga County Sheriff should have delivered him to the United States Marshal when he received the detainer, rather than transporting him to the Lorain Correctional Institution. He asserts this action "was without due process nor jurisdiction for involuntary servitude." (Compl. at 4-5) Mr. Wolfkill claims he was required to serve additional time because he was not permitted to receive credit for his federal sentence while he was in state custody.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it

319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

As the first step in any due process inquiry, Mr. Wolfkill must show he has a protected liberty interest in serving his federal sentence first. It is well-settled as between a state and the United States that the governmental entity which first retains physical possession of a defendant may proceed in its sovereign capacity with a trial, sentencing and imprisonment before the second sovereign gains jurisdiction. *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir.1980); *United States v. Croft*, 450 F.2d 1094, 1099 (6th Cir.1971); *Mitchell v. Boen*, 194 F.2d 405, 407 (10th Cir.1952); *Vanover v. Cox*, 136 F.2d 442, 443 (8th Cir.), *cert. denied*, 320 U.S. 779 (1943). Because Mr. Wolfkill was first arrested on state charges and was in state custody at the time of the

---

is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

federal proceedings, the state had prior jurisdiction over him. If, as in the present case, an individual is first in state custody and then is turned over to federal officials for federal prosecution under a writ of habeas corpus ad prosequendum, the state government's loss of jurisdiction is only temporary. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir.1980); *In re Liberatore*, 574 F.2d 78, 89 (2nd Cir.1978). The prisoner will be returned to state custody at the completion of the federal proceedings. *Bullock v. State of Mississippi*, 404 F.2d 75, 76 (5th Cir.1968); *Zerbst v. McPike*, 97 F.2d 253, 254 (5th Cir.1938).

In the present case, Mr. Wolfkill was "loaned" temporarily by the state, who first had jurisdiction over him, to the federal government for criminal proceedings. Upon the completion of each federal proceeding, he was returned to the custody of the state. The intention of the federal government to return defendant to state custody before the commencement of the federal sentence was made evident by the issuance of a federal detainer to the Cuyahoga County Sheriff's Department where he was in state custody, instructing the department to release him to the federal detainer upon the completion of her state confinement. Simply put, Mr. Wolfkill provides no allegation suggesting he was entitled to serve his federal sentence first, and there is no indication from the dockets of the cases that support his contention.

Moreover, even if he had asserted a viable due process claim, he could not proceed with this action. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Mr. Wolfkill was sent to the Lorain Correctional Institution in April 2008. This action was filed on December 15, 2010, well beyond the expiration of the two-year statute of limitations period. Mr. Wolfkill contends the statute of limitations period did not begin to run until he finished serving his federal sentence in June 2009. The date on which the statute of limitations begins to run in a civil rights

-4-

action is a question of federal law. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). Ordinarily, the limitations period starts to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. at 273. In determining when the cause of action accrues in section 1983 actions, Courts look to "what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir.1991). In this case, Mr. Wolfkill was well aware that he was serving his state sentence first when he was transported in April 2008 to the Lorain Correctional Institution. The statute of limitations began to run at that time. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 4/15/11*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.